The opinion of the court was delivered by
Parlangb, J.
The defendant has been found guilty by a jury of an assault with intent to ravish and he has been sentenced to imprisonment in the State penitentiary for a term of eighteen months. He has appealed, and he relies upon four bills of exception to reverse the judgment of the lower court.
By his first bill of exception he contends that the prosecutrix “was not a competent witness.” The only ground for this contention is that on cross-examination, she stated that “ she did not know the consequence, nor how she would be punished in case she testified falsely.”
The judge a quo, in overruling the objection to the competency of the witness, stated that “ from the manner of the witness on the stand and her answers to questions, she exhibited as much intelligence as ordinary persons of her class.”
*1179 We understand the defendant’s counsel to contend in his brief that the statement of the prosecutrix proves her to be a person who does not understand the nature of an oath. This contention is without force. There is nothing in the record to support it. The prosecutrix may well have meant that she was ignorant of the instrumentalities by which the criminal law would punish her if she committed perjury, and that she did not know what the legal penalty would be. This would neither prove her to lack “proper understanding” within the meaning of Act 29 of 1886, nor to be ignorant of the nature of an oath. We are fortified in reaching this conclusion by the statement of the judge a quo who heard and saw the witness and to whom a large discretion is left in the matter.
The judge refers evidently to the intelligence and mental capacity of the witness, and he did not consider the statement as relating to her ability to comprehend the nature of an oath. Competency is the rule, ineompetency the exception. The burden is on the defendant to show the witness incompetent. He has failed to do so. If his intention was to show that the prosecutrix did not understand the nature of an oath, he could easily have addressed her such questions as would have made the scope of his inquiry clear to her and would have elicited from her such an answer as would have shown plainly whether she had or had not the proper understanding of the nature of an oath.
The second bill of exception reserves the objection of defendant to the admission of the testimony of a witness who was offered by the State to prove the statements made to him by the prosecutrix as to the crime for which the defendant was being tried.
In the case of State vs. Charles Robertson, 38 An., page 618, this court held that a person to whom complaint has been made by the victim of a rape, when placed on the witness stand, can not be permitted to repeat all the details of the outrage and the name of the ravisher, as reported to the witness, but can only testify as to the fact of the complaint having been made and as to the condition of the victim when making the complaint. Bishop in his treatise on Oriminal Procedure states that this is the English and the more common American practice. To the same effect is Greenleaf on Evidence. When the statements are part of the res pesias, they are excepted from the operation of the rule just stated, and they may also be drawn out by the' defendant on cross-examination. They *1180 may be admitted to corroborate the testimony of the prosecutrix, but only when her testimony has been impeached. When they are offered by the State, in making out the ease against the accused and before the testimony of the prosecutrix has been impeached, they will be rejected, as was done in the ease of State vs. Charles Robertson just quoted.
In the instant case, the State offered the testimony without limitation. The testimony appears to have been offered while the State was making out the case against the accused and before the defence had opened.
The judge a quo states that the evidence was admissible in corroboration of the testimony of the prosecutrix and that he limited it to that purpose. The statements could not have been admitted in corroboration, unless the testimony of the prosecutrix had first been impeached, of 'which there is no proof or indication in the record.
On the contrary, it appears that the statements with all their details went to the jury before the defence opened. This was error.
The third bill of exception concerns the refusal of the judge a quo to grant the defendant a new trial for which the latter had moved on the ground that the verdict was contrary to the law and the evidence, and that “the jury while considering the verdict herein were improperly and unduly influenced by the deputy in charge thereof, who stated to them ‘ that it was. a plain case or straight case,’ and further stated and exclaimed: ‘ Why, John!’ one or more times when informed that one John Wilson was holding them. That by said conduct the said John Wilson was influenced and the verdict rendered by said jury vitiated.”
The testimony adduced on the hearing of the motion for a new trial was reduced to writing, and the defendant having duly excepted to the overruling of the motion and having annexed said testimony to his bill, the same is before us for review. There were several objections made to testimony offered on the hearing of the motion for a new trial, but it is unnecessary for us to pass upon them, as we can reach a conclusion on this point by considering only the testimony admitted without objection.
We are satisfied from the evidence that the deputy sheriff in charge of the jury went into the jury room after the jury had been deliberating for some time, and on his inquiring whether the jury had agreed he was informed that the jury stood eleven to one, and that John Wil *1181 son was the one juror opposing the views of the other eleven jurors. The deputy sheriff then exclaimed and said to John Wilson: “Why, John! Plain case,” or words of a similar import. Subsequently the jury agreed and brought into court a verdict against the defendant.
While bearing in mind the decisions of this court, which declare that great weight is given to the rulings of trial judges in refusing new trials, and while also bearing in mind the decisions which differentiate between misconduct which vitiates a verdict and misconduct which does not, we hold, in the instant case, that it was error to refuse a new trial. The question goes beyond the scope of mere legal formalities. It is a matter of substance which affects the rights of the defendant to a fair and impartial trial. It would be difficult to state a case of unlawful communication with the jury by the officer in charge of the jury, if á deputy sheriff can be permitted to exclaim reprovingly to a juror for not agreeing to the verdict which the deputy sheriff conceives should be returned, and if that officer can state to the juror that the ease is plain. See Proffatt on Jury Trials, Sec. 391.
In the case of State vs. Dallas, 35 An. 900, this court reversed the sentence in a criminal case because one of the deputy sheriffs in charge of the jury stated to one of the jurors that he had heard that the defendant had been sentenced to the penitentiary. In that case the court used the following language:
“ The conduct of the deputy sheriff is in the highest degree unbecoming and reprehensible and places him in the attitude of an officer who deliberately impedes the administration of justice, which it was his bounden duty to promote, and wilfully clogs the execution of the laws which he has sworn to support. * * * A sheriff or any of his deputies having charge of a jury in a criminal case has the right of speaking to the jurors for the purpose of inquiring into and ascertaining their wants, or of conveying necessary messages from them. Such conversations, when not referring to the case, or to the accused on trial, will not vitiate the proceedings.”
We are clear that the misconduct of the deputy sheriff who was in charge of the jury in this case caused serious injury to the defendant, and that his motion for a new trial should have been granted.
The fourth bill of exception contains the defendant’s reservation as to the action of the judge a quo in overruling the motion in arrest *1182 of judgment by which the defendant urged that the information is defective in that it fails to charge that he did “feloniously ” make the assault charged; and also in that it fails to charge that he made the assault “forcibly” or “violently.”
The information charges that the defendant with force and arms unlawfully did make an assault upon the prosecutrix, with intent her the said prosecutrix then violently and against her will feloniously to ravish and carnally know. The information is sufficient. State vs. Bradford, 38 An. 921; State vs. Sonnier, 38 An. 962; 2 Bishop, Cr. Pro., Sec. 81.
Therefore, for the reasons stated in sustaining defendant’s objections, as set forth in his second and third bills of exception, it is ordered that the verdict of the jury be set aside and that the judgment appealed from be annulled, avoided and reversed; that the defendant be detained in custody subject to the orders of the Fourth Judicial District Court for the parish of Grant, to await further prosecution or proceedings according to law.