## William T. Ross, Appellant, v. Estate of James H. Ross, Deceased, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Adams county; the Hon. Albert Akers, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

## Statement of the Case.

Claim by William T. Ross, claimant, against the estate of James H. Ross, deceased, defendant, for $626 for lodging, board and nursing of the deceased during his lifetime. From a judgment on appeal from the County Court for the defendant, upon a directed verdict, plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CARL E. EPLER and ROLLAND WAGNER, for appellant.

JOHN E. WALL, E. C. PETER and S. A. HUBBARD, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. PARENT AND CHILD, § 63*—*when existence of agreement by parent to pay for board and lodging question for jury.* Under a claim filed by a son against the estate of his deceased father for board and lodging furnished his father during the latter's lifetime, *held,* if there was any evidence from which, standing alone, the jury could, without acting unreasonably in the eye of the law, find that there was an understanding or agreement between claimant and his father that the latter should pay for such board and lodging, the court should have permitted the cause to be submitted to the jury.

2. WITNESSES, § 22*—*when witness not incompetent.* A witness is not rendered incompetent to testify merely because he has been found to be a distracted person and incapable of transacting his business affairs.

3. EVIDENCE, § 154*—*when admissions of distracted person admissible.* The admissions of a distracted person who is incapable of transacting his business affairs are not incompetent evidence for that reason.

4. WITNESSES, § 22*—*when insane person not incompetent as witness.* An insane person is not incompetent to testify if his mental derangement does not affect the subject-matter of the testimony either at the time of testifying or at the time of the occurrence.

5. WITNESSES, § 48*—*when objection to incompetency must be made.* Where objection is made to the competency of a witness to testify on account of his mental condition, the objection must be made before he has given any testimony.

6. WITNESSES, § 50*—*competency as question for court.* It is for the court to determine upon the competency of a witness to testify.

7. WITNESSES, § 50*—*determination of competency in absence of jury.* Evidence in regard to the competency of a witness to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

testify should not, in the first instance, be taken in the presence of the jury.

8. WITNESSES, § 50*—*applicability of rules as to determination of competency to admissions.* The same rule as to determining the competency of a witness to testify because of his being a distracted or insane person applies where admissions made by such person are sought to be introduced in evidence.