[No. 2629. April 11, 1922.]

## STATE V. ULIBARRI

### SYLLABUS BY THE COURT

(1) The court should not direct a verdict of acquittal where there is any substantial evidence to support, or tending to support, the charge. P. 107

(2) A judgment of the trial judge in the exercise of his discretion, determining whether or not a witness is sufficiently qualified as to intelligence to testify, will not be reviewed by this court, except where such discretion is abused. P. 108

(3) The court is not bound to give instructions, which, even if correct, are merely cumulative, and state in another form a proposition of law already given to the jury. P. 109

(4) The length of time that must elapse after the larceny of goods before their possession should cease to be considered as tending with other facts to show guilt is, as a rule, purely a question of fact for the jury. . P. 109

Appeal from District Court, San Miguel County; Leahy, Judge.

Mariano Ulibarri was indicted and convicted of the larceny of cattle, and from the conviction and sentence he appeals. Affirmed.

H. E. Blattman and C. G. Hedgcock, both of East Las Vegas, for appellant.

H. S. Bowman, Atty. Gen.., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

RAYNOLDS, C. J. Appellant was indicted and convicted of the larceny of three cattle. From said conviction and sentence thereon he appeals to this court.

[1] Appellant assigns as error the action of the trial court in denying his motion for an instructed verdict of acquittal at the close of the state's case. We think this assignment is without merit. The record discloses that there was substantial evidence, at the time the motion for a directed verdict was made, to support the verdict.

"As a general rule the court should not direct a verdict of acquittal where there is any evidence to support, or reasonably tending to support, the charge.' 16 C. J., Criminal Law, p. 936, par. 2299." State v. Wilson, 25 N. M. 439, at 442, 184 Pac. 531.

[2] It is argued for ground of reversal that the testimony of one Willie Aredendo was unworthy of belief, and that he lacked the mental qualifications which would enable him to testify intelligently as to the facts concerning the larceny. The witness was examined as to his mental fitness, and the trial court admitted his testimony. In such cases the trial court has discretion as to whether or not the witness possesses sufficient mentality, and a judgment of the trial court will not be disturbed on appeal, unless the discretion allowed him in these matters is abused. As is said in State v. Armijo, 18 N. M. 262, at 270, 135 Pac. 555, 557:

"The trial court had an opportunity to examine this witness and observe his demeanor, and could judge his mental capacity from his manner of testifying. This court could not intelligently review the discretion of the trial judge * * * as to whether a child of tender years possesses sufficient mental capacity to understand the nature and obligation of an oath.

"The Legislature, in its wisdom, has vested the trial court with discretion in such matters, which will not be reviewed, by this court, except for a gross abuse of such discretion."

See, also, State v. Ybarra, 24 N. M. 413, at 420, 174 Pac 212.

In this case no abuse of discretion is shown.

Appellant next urges that the court should have given the following instruction:

"The jury are instructed that the possession of stolen property must be recent in order to afford any inference of guilt, and that if the possession is remote in time the defendant is not bound to offer any evidence to the jury to explain that possession; hence, if the jury believe from the evidence that there was found in the possession of the defendant three calves marked with his brand, on the 26th day of November, 1920, the defendant would be under no obligation or duty to present any evidence to the jury to explain that possession, unless the jury find from the evi-

dence beyond a reasonable doubt that all the other elements of larceny existed, and that the state has proven to your satisfaction and beyond a reasonable doubt that the said calves were the property of Secundino Romero, as alleged in the indictment."

[4] The larceny is alleged to have taken place on or about April 10, 1920. This instruction was properly refused, as it assumes that possession of stolen property for that length of time does away with the probable presumption of guilt. The true rule is laid down in State v. Graves, 21 N. M. 537, at 563, 157 Pac. 160, where it is stated that what constitutes recent possession must necessarily depend upon the circumstances of each case.

"The length of time that must elapse after the larceny of the goods before their possession should cease to be considered as tending with other facts to show guilt is, as a rule, purely a question of fact for the jury." 17 R. C. L. par. 78, Larceny.

See, also, note 101 Am. St. Rep. 501.

[3] Appellant assigns as error the action of the court in refusing the following instruction:

"The jury are instructed that if the jury believe from the evidence that the state has failed to prove that the calves were taken from San Miguel County, or if all the evidence has raised in the minds of the jury a reasonable do·ʰ· ₚs to such fact having been proven, the jury should acquit the defendant."

There was no error in refusing this instruction. The court instructed:

"That before the state can rightfully claim conviction in this case it must prove to your satisfaction, beyond a reasonable doubt, by evidence introduced in the case, that the defendant * * * at the county of San Miguel, state of New Mexico, unlawfully and feloniously did take, steal and knowingly drive away three head of neat cattle."

And again:

"That if you believe from the evidence beyond a reasonable doubt * * * at the county of San Miguel, state of New Mexico, the defendant did knowinglⱴ take away from the place where the same were allowed to range by the owner, three head of cattle mentioned in the indictment," etc.

The instructions given covered the point sought to be brought out in the instructions requested and refused. The trial court is not bound to give requested instructions, which, even if correct, are merely cumulative, and state in another form a proposition of law already given to the jury. State v. Carabajal, 26 N. M. 384, at 395, 193 Pac. 406, and cases there cited.

We have considered the other errors assigned by the appellant, and deem them to be without merit.

As we find no reversible error in the record, the judgment of the lower court is affirmed; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate.