[No. 3445.   Jan. 13, 1930.]

STATE v. ROMERO.

[285 Pac. 497.]

Jose E. Armijo, of Santa Fe, and H. E. Blattman, of East Las Vegas, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

SIMMS, J.

On May 27, 1928, at about 8 o'clock in the evening, Victoriano Savedra was shot in the back and killed. Within an hour the appellant was arrested as he stood with a crowd which had gathered around the body. Next day he was charged with murder, and was given a preliminary examination before a magistrate, who bound him to the district court and committed him to jail without bail. At this preliminary he was represented by able counsel, who continued in his defense throughout the trial in the lower court. On the 31st, the district attorney filed a murder information against appellant, and trial opened on June 5th, resulting in a conviction for murder in the second degree.

Appellant moved for a continuance on the ground that (a) the current term of court was in session when he was examined, committed, and informed against, and that he could not lawfully be tried until the next term, and (b) that the time given him was too short for preparation.

Section 3265, Code of 1915, cited by appellant, does not sustain his contention. It provides that, where one is committed without bail, he shall remain in jail "until he be discharged by due course of law." Appellant's defense was alibi. The persons with whom he claimed to have been when the crime took place, and one of whom he stated in his motion he could not get in time for the trial, were all in fact present at the trial, and testified for the defendant. In the absence of prejudice, the overruling of the motion was within the ,sound discretion of the trial court. State v. Kelly, 27 N. M. 447, 202 P. 524, 21 A. L. R. 156; State v. Garcia, 26 N. M. 72, 188 P. 1104; Territory v. Emilio, 14 N. M. 155, 89 P. 239.

█ Next, appellant says that there was error in permitting one Remigio Padilla, a witness for the state, to testify, because of his defective mentality. This witness, a man of mature years, claimed that he saw defendant do the killing. He described the circumstances in detail. He could not identify the points of the compass by name, but he could tell where the sun rose and set. He did not know his age, nor that of his sister, but he could testify as to other ordinary facts of common knowledge. It was for the trial court who heard him to say whether he was sufficiently intelligent to testify. State v. Ulibarri, 28 N. M. 108, 206 P. 510; State v. Ybarra, 24 N. M. 417, 174 P. 212. The question of his credibility was for the jury.

█ During the examination of the witness Remigio Padilla, the court addressed to him this remark:

"Don't be afraid to testify; what the attorneys want and what the court wants is for you to testify to the truth, absolutely the truth and nothing else, and you should not be afraid; don't hesitate to make answer to questions asked you."

Appellant says the remarks of the court were such as to indicate to the jury that the witness was intimidated, and that they therefore amounted to a comment by the court upon the witness' testimony. We do not deem the objection sound. It frequently happens that a witness, especially one who is ignorant or immature, becomes confused and excited on the stand. It is not only the right but the duty of the trial judge in a proper case to do

what he can to relieve the witness from fear or nervousness, to the end that the truth may be given in evidence as far as the witness is able to give it. Abbott's Criminal Trial Brief (3d Ed.) page 427, 428; Kearney v. State, 101 Ga. 803, 29 S. E. 127, 65 Am. St. Rep. 344. The court said nothing which could fairly be understood as charging the appellant with having intimidated the witness.

■ While the appellant was in jail, the sheriff permitted his shoe to be taken from him and measured with the tracks found near the scene of the homicide. A deputy who compared them testified as to what he found. Appellant says that this violated his right to be protected from self-incrimination. The objection is without merit. State v. Dillon, 34 N. M. 366, 281 P. 474; State v. Barela, 23 N. M. 395, 168 P. 545, L. R. A. 1918B, 844.

■ A witness for the state testified to finding a pistol near the scene of the killing, and another witness testified that appellant had a pistol of like size and color five months previously. The pistol was admitted in evidence by the court, with the following statement:

"If it isn't connected by some other testimony I will strike it, but I am going to let it in for the present."

If the subsequent testimony did not satisfy the court's requirements by connecting up the appellant with the ownership of the pistol, he waived the question by not moving to strike or in any way calling the attention of the court to the failure of the state to present the connecting testimony required, if such was the fact. State v. Orfanakis, 22 N. M. 110, 159 P. 674; State v. Douthitt, 26 N. M. 538, 194 P. 879.

H. B. Taylor, a witness for the state, was qualified as an expert on firearms, and testified that the pistol in evidence had a defect in the rifling inside the barrel, which made a peculiar groove in the bullet, and that the bullet taken from the body of deceased was of the same caliber as the pistol, and had marks upon it like the groove, which such defect would make when the weapon was fired. Appellant complains that this testimony was not sufficient to justify the admission of the pistol in evidence against him. Appellant did not move to strike, and what we have

said in the foregoing paragraph disposes of this objection also.

■ Appellant complains of the refusal of the court to give an instruction tendered by him, wherein the jury was to be told that, if they found from the evidence no inducing cause or motive for the accused to kill deceased "such fact affords a presumption of the innocence of the defendant." Such is not a correct statement of the law. Whether the giving of an instruction on motive under the evidence in the case before us was proper we do not feel called upon to decide. We can say, however, that, if such an instruction should have been given, the one tendered was erroneous. The authorities which hold such an instruction proper go no further than to say that the absence of proof of motive "is a circumstance which the jury may take into consideration." State v. Orfanakis, supra.

■ Appellant next questions the refusal of the trial court to give a tendered instruction (No. 3) on good character. The subject was covered in the court's instruction No. 16, and there was no error in refusing the request of the appellant, which would have been cumulative.

■ Finally, appellant says that there was error in overruling his motion for a new trial, the only ground of which he argues is that the jury was permitted to separate contrary to the court's orders. It seems that one bailiff remained in charge of eight of the jurors while another bailiff accompanied four jurors to a toilet and back, and remained with them the whole time they were away from the body of the jury. The question is one which addresses itself to the sound discretion of the trial court under all the circumstances prevailing, and, in the absence of a showing of prejudice, there is no reversible error. State v. Clements, 31 N. M. 620, 249 P. 1003; State v. Blancett, 24 N. M. 454, 174 P. 207.

Finding no error in the judgment, it should be affirmed, and it is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.