STATE OF CONNECTICUT *vs.* CARMINE ORLANDO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 13th—decided December 13th, 1932.

*Anthony A. E. DeLucia,* for the appellant (the accused).

*Abraham S. Ullman,* Assistant State's Attorney, with whom was *Irving Sweedler,* and, on the brief, *Samuel E. Hoyt,* State's Attorney, for the appellee (the State).

MALTBIE, C. J.  The defendant was found guilty of an indecent assault upon a young girl ten years old. The appeal contains thirty assignments of error, but we shall deal only with those pursued in the defendant's brief.

The defendant made a motion in arrest of judgment but, with one exception, the grounds stated were errors in the charge or rulings of the trial court or the insufficiency of the evidence to support a conviction; none of these grounds are proper matters for a motion in arrest but should be raised by an appeal from the judgment or a motion to set the verdict aside. *Bishop* v. *Copp,* 96 Conn. 571, 574, 114 Atl. 682; 1 Swift's Digest, s. p. 776. The remaining ground, that the defendant was found guilty of an offense not charged in the information, is not supported by the record. The motion was properly denied. The defendant also moved to set the verdict aside as against the evidence; this motion was denied and, even if the appeal could be construed as intended to bring before us that ruling, the evidence has not been certified to us and we have no basis for reviewing the action of the trial court. Counsel for the defendant were permitted to argue the motion in arrest of judgment, but the court stopped his argument upon the motion to set the verdict aside, stating that in its opinion the evidence abundantly supported the verdict. The extent to which a trial court will permit such a motion to be argued rests in its discretion, subject to review only in case of abuse. *Frank* v. *State,* 94 Wis. 211, 217, 68 N. W. 657; *Hull* v. *Seattle, Renton & Southern R. Co.,* 60 Wash. 162, 166, 110 Pac.

804; *Hodge* v. *Territory of Oklahoma*, 12 Okla. 108, 69 Pac. 1077; *Howel* v. *Commonwealth*, 46 Va. (5 Grat.) 664, 668. If the guilt of the accused was in fact shown by abundant evidence, no good purpose would be served by prolonging the argument in this instance, and in the absence of the evidence we have no basis upon which to question whether that was so or not.

The claimed corrections in the finding, if made, would have no material bearing upon any issue presented upon the appeal and we disregard them. The trial court, while not adopting the language of the defendant's requests to charge, substantially complied with all of them except one, and as to that, no claim of error is made. The only error in the charge pressed upon the appeal was the concluding statement of the court as follows: "The State of Connecticut does not desire the conviction of innocent accused persons, but where the evidence has established to the degree which I have indicated guilt, the State of Connecticut expects the jury in its service by their verdict so to express the fact." This was an entirely proper instruction for the trial court to give.

The substantial questions raised by the appeal are rulings as to the admission of testimony. The trial court, after the complaining witness, and a sister aged eight, had been examined admitted them as witnesses. Whether a child of tender years is qualified as a witness is a matter peculiarly within the discretion of the trial court and its ruling will not be disturbed unless in a clear case of abuse or of some error in law. *Kuczon* v. *Tomkievicz*, 100 Conn. 560, 572, 124 Atl. 226. We cannot say that the trial court abused its discretion in finding that these little girls were qualified to testify as witnesses.

The examination of a child for the purpose of determining its competency as a witness is for the sole purpose of satisfying the court that he has the requisite qualifications; the examination is not under oath and has no bearing upon the  issues of the case; and the method in which it is conducted is also in the discretion of the trial court, reviewable only for clear abuse. *State* v. *Whittier,* 21 Me. 341, 347; *Hughes* v. *Detroit, G. H. & M. Ry. Co.,* 65 Mich. 10, 15, 31 N. W. 603; *State* v. *Dowell,* 47 Idaho, 457, 276 Pac. 39; 5 Jones, Commentaries on Evidence (2d Ed.) § 2107.  It may well be that questions asking for definitions of words or involving broad generalizations may be beyond the mental capacity of the child under examination and of no benefit in determining his competency.  We cannot find error therefore in exclusion of a question addressed to one of the children asking the difference between right and wrong, or hold one of them disqualified as matter of law because of her failure correctly to define an oath or the other because she said she did not know what it was to be a witness. *Williams* v. *United States,* 3 App. D. C. 335, 340; *Minton* v. *State,* 99 Ga. 254, 25 S. E. 626.  In many jurisdictions such an examination is conducted by the judge, but here it is usually conducted by counsel under direction of the court, except as the court may find it advisable to intervene.  It has been held that counsel have no right to examine the child upon the issue of its qualifications to testify, but as to this there is a conflict of authority. *People* v. *Delaney,* 52 Cal. App. 765, 771. We hold the true rule to be that the extent to which the court will permit counsel to make such an examination rests very largely in its discretion and if, either upon its own examination or that of counsel, it reaches the conclusion upon a reasonably adequate examina-

tion that the child is qualified, it may stop further examination and cause the oath to be administered to the witness. That was the situation in this case, and we cannot find error in the action of the court in stopping further examination of one of the children by defendant's counsel.

The direction of the trial court that the oath be administered to each of the children was a sufficient determination by it that they were qualified and competent witnesses. While this determination is solely for the court to make, the credit to be accorded the testimony of a child witness is for the jury and the opportunity given by their presence during the examination of the witness as to competency may well assist them in determining his ability to observe correctly, to remember and narrate accurately, and to appreciate the obligation resting upon him to be truthful. *State* v. *Whittier,* and *People* v. *Delaney, supra.* It was therefore no abuse of the trial court's discretion to permit the jury to remain during that examination. *Young* v. *State,* 122 Ga. 725, 726, 50 S. E. 996.

During the examination of the complaining witness, she testified to having told an older sister about the assault the next day. Objection was made to this testimony upon the ground that the defendant was not present at the conversation. The admissibility of such statements by the victim of a rape is thoroughly settled in this State. *State* v. *Kinney,* 44 Conn. 153; *State* v. *Byrne,* 47 Conn. 465; *State* v. *Sebastian,* 81 Conn. 1, 5, 69 Atl. 1054. The rule extends to complaints by a little girl upon whom an indecent assault is claimed to have been made, the purpose being to corroborate her testimony as to it. *Rex* v. *Osborne,* L. R. (1905) 1 K. B. 551; *Rex* v. *McGivney,* 15 D. L. R. 550; 2 Wigmore, Evidence (2d Ed.) § 1135, p. 658;

Chamberlayne, Evidence, § 3034. The court was correct in overruling the objection.

There is no error.

In this opinion the other judges concurred.