WHITE *et al. v.* THE STATE.

CANDLER, Justice. 1. As to the general grounds of the motion for new trial, the jury was authorized to find from the testimony of Frank Johnson Jr. that the defendant, Arthur Lee White, shot and killed Thomas Ridley with a shotgun, and then carried and placed the body on the track of the railroad. If such testimony be true, and the jury was authorized to believe it, or any part of it, it would also establish the fact that the joint defendant, J. D. Card, was not present and did not participate in the offense charged in the indictment. Aside from this testimony, the only evidence to connect J. D. Card with the crime was that he and White were together at the home of Laura Odum in the early part of the evening before the morning when the body was found; that J. D. Card "punched" White when White started to make a statement to the sheriff who arrested them; and the testimony of the sheriff that "they [the defendants] admitted to me going over there and borrowing a shotgun from Pollard's wife or going in the house and getting it and admitted putting it in the sewer pipe and admitted shooting but didn't shoot at anybody. They admitted shooting three different times." "Both of them were there when they admitted that." As to the defendant, Arthur Lee White, the evidence is therefore amply sufficient to support the verdict of guilty with a recommendation. But as to the defendant J. D. Card, the evidence is wholly insufficient to support the verdict of guilty. While the evidence may have been sufficient to raise a suspicion, still the law does not allow any one to be convicted of a crime on a mere suspicion of guilt. "While sufficient to raise a grave suspicion, it fails utterly to rise to that dignity required by law in a case of circumstantial evidence; that is, that it must remove every reasonable hypothesis save that of the guilt of the accused." *Johnson v. State,* 151 *Ga.* 21 (105 S. E. 603). See also *Earp v. State,* 50 *Ga.* 513; *Warren v. State,* 153 *Ga.* 354 (112 S. E. 283); *Graham v. State,* 183 *Ga.* 881 (189 S. E. 910).

2. Special ground 1 of the amended motion for new trial, assigning error on the failure of the trial court to act on its own motion and exclude the testimony of Frank Johnson Jr. on the ground that the contradictions and inconsistencies in his testimony show that the court abused its discretion in holding the witness competent, is without merit. After a preliminary examination into the mental competency of the witness, the court ruled that he would be permitted to testify, with the credibility

to be determined by the jury, and thereupon counsel for the defendants stated to the court, "I think on the showing the solicitor made, you will have to let it go to the jury." Under such circumstances, the court was under no duty to exclude the testimony now objected to, and did not abuse its discretion in permitting him to testify. *Gaines* v. *State*, 120 *Ga.* 137 (47 S. E. 571); *Langston* v. *State*, 153 *Ga.* 127 (111 S. E. 561); *Dodys* v. *State*, 73 *Ga. App.* 311 (3) (36 S. E. 2d, 164); *Gunnells* v. *State*, 199 *Ga.* 486 (34 S. E. 2d, 654).

3. Error is assigned on the following charge to the jury: "I charge you, gentlemen, that persons who have not the use of reason, as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses." Code, § 38-1607. The criticism urged is: (a) The court should also have charged the contention of the defendants that Frank Johnson Jr. was an incompetent witness because he was an idiot; (b) that, if they found that Frank Johnson Jr. was an idiot, then his testimony should be entirely disregarded; and (c) the charge was confusing, because the court had found the witness to be competent, and then charged the Code section referred to as to idiots being incompetent witnesses. The question of competency of a witness is one of law for determination by the court, but the credibility of a witness is for the jury. The court was therefore under no duty to give the charge complained of, and its submission to the jury was not harmful error to the defendants, but favorable to them. *Hicks* v. *State*, 105 *Ga.* 627, 630 (31 S. E. 579); *Ellison* v. *State*, 197 *Ga.* 129 (2) (28 S. E. 2d, 453). And had the court charged as contended in (b), it would have been error, since the court had previously ruled the witness competent. *Reece* v. *State*, 155 *Ga.* 350 (1 b) (116 S. E. 631). When the charge complained of is considered in connection with the charge as a whole, it is not subject to the criticism in (c), and if it could possibly be construed as confusing, it would not be such an error as the defendants could complain of. *Hall* v. *Turner*, 198 *Ga.* 763 (6) (32 S. E. 2d, 829).

4. In the charge to the jury on the law of conspiracy the court charged that, if no conspiracy or concert of action be found, then each person would be responsible for his own acts. Since it has been held in the first headnote of this opinion that the evidence against the defendant, J. D. Card, was insufficient to support the verdict of guilty, it becomes unnecessary to consider the complaints against this charge.

5. "It is not a valid attack upon an instruction, which within itself is appropriate and a sound rule of law, that the court did not also charge another appropriate and sound principle of law." *Jones* v. *State*, 197 *Ga.* 604, 610 (30 S. E. 2d, 192). Special ground 4 of the motion for new trial, complaining that the charge on circumstantial evidence, which included the language of the Code, § 38-109, and which charge is not contended to be erroneous in itself, but incomplete, is therefore without merit. *Seats* v. *State*, 122 *Ga.* 173 (3) (50 S. E. 65).

*The judgment denying the motion for new trial is affirmed as to the defendant, Arthur Lee White, and reversed as to the defendant, J. D. Card. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16095. FEBRUARY 12, 1948.

*Carlton Mobley* and *J. B. Jackson,* for plaintiffs in error.

*Eugene Cook, Attorney-General, C. S. Baldwin Jr., Solicitor-General,* and *John Sammons Bell, Assistant Attorney-General,* contra.