441 P.2d 229

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lonnie K. MANLOVE, Defendant-Appellant.**

**No. 87.**

Court of Appeals of New Mexico.

April 19, 1968.

Rehearing Denied May 8, 1968.

Certiorari Denied May 24, 1968.

190

C. N. Morris, M. Rosenberg, Rosenberg & Blenden, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from a judgment of conviction, entered upon three separate verdicts of guilty, whereby he was convicted of the crimes of (1) contributing to the delinquency of a minor, (2) aggravated sodomy, and (3) sexual assault by indecent handling or touching of another person under the age of sixteen years. He relies upon four points for reversal, and these points will be considered in the order of their presentation in the brief in chief.

The first contention is that the female child upon whom the criminal acts were committed "was not competent to testify in this case." She was six years of age at the time of trial.

Section 20–1–8, N.M.S.A.1953 provides:

"*Common-law disqualifications—Affect credibility only—Testimony of children.*—Hereafter in the courts of this state no person offered as a witness shall be disqualified to give evidence on account of any disqualification known to the common law, but all such common-law disqualifications may be shown for the purpose of affecting the credibility of any such witness and for no other purpose: Provided, however, that the presiding judge, in his discretion, may refuse to permit a child of tender years to be sworn, if, in the opinion of the judge, such child has not sufficient mental capacity to understand the nature and obligation of an oath."

The child was sworn without objection. After asking her some preliminary questions as to her name, age, grade in school, and her understanding of what it means to tell the truth, the district attorney asked if the court had any question about the child's competency. The court had none, but permitted defense counsel, upon request, to examine her at considerable length on such matters as her ability to count and recite the alphabet, how many people lived in her house, the church she attended, what she learned at church, and her understanding of what it means to tell the truth. The court also asked some questions of her, and, upon being told by the child that she would tell the truth about what happened, the court announced that he was going to permit her to testify.

She was then questioned at length on both direct and cross examination as to the facts, and no objection was ever made to her competency or qualifications as a witness. A motion was made at the close of the State's case to direct a verdict for defendant on the ground of insufficiency of the evidence to sustain a conviction, but no question was raised as to the child's competency to testify. Ordinarily, the burden of showing the incompetency of a witness is upon the party asserting the incompetency. Rosche v. McCoy, 397.Pa. 615,

156 A.2d 307, 81 A.L.R.2d 377 (1959); People v. Stewart, 107 Cal.App.Supp. 757, 288 P. 57 (1930); Hale v. Commonwealth, 196 Ky. 44, 244 S.W. 78 (1922); State v. Langford, 45 La.Ann. 1177, 14 So. 181 (1893); 3 B. Jones, Evidence § 815 (Supp. 1967).

In Territory v. De Gutman, 8 N.M. 92, 42 P. 68 (1895), it was held that permitting a ten year old child to testify was not an abuse of discretion, and that "There is no precise age at which a child's evidence is absolutely excluded."

In State v. Armijo, 18 N.M. 262, 135 P. 555 (1913), a fifteen year old child, who was "apparently ignorant and illiterate," was permitted to testify. The Supreme Court of New Mexico, in rejecting the claim of error in admitting the testimony of this witness, cited the statute above-quoted, and then stated:

"The trial court had an opportunity to examine this witness and observe his demeanor, and could judge his mental capacity from his manner of testifying. This Court could not intelligently review the discretion of the trial judge in the matter of question as to whether a child of tender years possesses sufficient mental capacity to understand the nature and obligation of an oath.

"The legislature, in its wisdom, has vested the trial court with a discretion in such matters, which will not be reviewed, by this Court, except for a gross abuse of such discretion. * * *"

In State v. Ybarra, 24 N.M. 413, 174 P. 212 (1918), our Supreme Court reaffirmed its position set forth in State v. Armijo, supra, that it "will not review the discretion of the trial court in permitting a child of tender years to testify, except in a clear case of abuse of discretion." In rejecting the contention that the trial court had abused its discretion in permitting the child to testify, the court stated:

"The fact that a child states in express terms that he does not understand the nature of an oath is not of itself suffi-cient ground for his exclusion as a witness, where it clearly appears that the child has sufficient intelligence to understand the nature of an oath and to narrate the facts accurately, and knows that it is wrong to tell an untruth and right to tell the truth, and that if he told an untruth he would be punished, and, from other facts, that he is in fact competent. 7 Ency. of Evidence, 274. In Williams v. United States, 3 App.D.C. 335, the court said:

"'Courts of justice should regard substance, not words. A child that has an adequate sense of the impropriety of falsehood does understand the nature of an oath in the proper sense of the term, even though she may not know the meaning of the word "oath" and may never have heard that word used.'"

Defendant urges that he is unable to find a case in which an appellate court has passed on the competency of a child to testify, after the child has disclosed to the court that he or she did not know what it means to tell a lie. But he urges that this question was in fact presented in Whitehead v. Stith, 268 Ky. 703, 105 S.W.2d 834 (1937). In that case the trial court was held to have committed a palpable abuse of discretion in permitting a six year old child to testify, because of the brief examination of the child upon which the determination of competency was predicated, and because the child, in answering a question by the court, stated he did not know what it means to tell the truth.

In the present case the child answered in the negative to questions in which she was asked if she understood that it was wrong to tell a story or a lie. However, she explained, "I don't know what it means to tell a lie."

When questioned about being truthful, she testified as follows:

"Q. Do you know what it is to tell the truth?

"A. Yes.

"Q. Do you understand what will happen to you if you don't tell the truth here today?

"A. Yes.

"Q. What will happen?

"A. I will be punished.

" * * *

"Q. Do you know what telling the truth is?

"A. Yes.

" * * *

"THE COURT: Well, do you know what I mean by 'punished'?

"A. Yes.

" * * *

"THE COURT: Well, will you tell the truth about what happened?

"A. Yes."

██ As held in the foregoing cited ·cases, the capacity of children to testify is not determined alone on age. In each instance the capacity of a child of tender years is to be investigated, and the trial court must determine from inquiries the ·child's capacities of observation, recollection and communication, and also the child's appreciation or consciousness of a duty to speak the truth. It then lies within the sound discretion of the trial court to determine, from the child's intelligence and ·consciousness of a duty to be truthful, whether or not the child is competent to testify as a witness. See in addition to the foregoing cited cases 2 J. Wigmore, Evidence §§ 492–496 and ch. XXI (3d ed. 1940); 3 B. Jones, Evidence §§ 757–759 and 815 (5th ed. 1958); Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895); State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966); People v. Trolinder, 121 Cal.App.2d 819, 264 P.2d 601 (1953); State v. Jones, 360 Mo. 723, 230 S.W.2d ·678 (1950); State v. Wyse, 429 P.2d 121 (Wash.1967); State v. Allen, 424 P.2d 1021 (Wash.1967).

██ We are of the opinion that the trial court properly exercised its discretion in determining the competency of the child

to testify. However, even if we entertained doubts as to the claimed abuse of discretion, we could not properly consider defendant's contention. The question of the competency of a witness cannot be raised for the first time on appeal. Pooley v. State, 116 Ind.App. 199, 62 N.E.2d 484 (1945); Hildreth v. Key, 341 S.W.2d 601 (Mo.App. 1960); Kiefer v. State, 258 Wis. 47, 44 N.W.2d 537 (1950); see also Batchelor v. Charley, 74 N.M. 717, 398 P.2d 49 (1965); Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358 (1961); Koran v. White, 69 N.M. 46, 363 P.2d 1038 (1961).

Defendant next asserts that the trial court erred in permitting the voir dire examination of the child in the presence of the jury. He cites no authority for his position. He not only failed to object, or to request that the examination be conducted in the absence of the jury, but actively participated in the examination.

██ The question as to competency of a witness is a matter to be resolved by the court. White v. State, 203 Ga. 340, 46 S.E.2d 500 (1948); James v. Fairall, 168 Iowa 427, 148 N.W. 1029 (1914); Apodaca v. Baca, 73 N.M. 104, 385 P.2d 963 (1963); State v. Romero, 34 N.M. 494, 285 P. 497 (1930); State v. Ulibarri, 28 N.M. 107, 206 P. 510 (1922); Commonwealth v. Repyneck, 181 Pa.Super. 630, 124 A.2d 693 (1956); State v. Moorison, 43 Wash.2d 23, 259 P.2d 1105 (1953); 2 J. Wigmore, Evidence §§ 487 and 497 (3d ed. 1940); 3 B. Jones, Evidence § 815 (5th ed. 1958).

The authorities are not in accord on the question of whether the voir dire examination as to competency should be conducted in the presence or in the absence of the jury. The following support the position that it is proper to conduct this examination in the presence of the jury. People v. Monks, 133 Cal.App. 440, 24 P.2d 508 (1933); State v. Orlando, 115 Conn. 672, 163 A. 256 (1932); Schamroth v. State, 84 Ga.App. 580, 66 S.E.2d 413 (1951); State v. Butler, 27 N.J. 560, 143 A.2d 530 (1958).

Other authorities hold, or indicate a preference, that the examination should be conducted in the absence of a jury. People v. Fitzgibbons, 346 Ill. 338, 179 N.E. 106 (1931); Ross v. Estate of Ross, 204 Ill.App. 636 (1917); Commonwealth v. Tatisos, 238 Mass. 322, 130 N.E. 495 (1921); Hildreth v. Key, supra; State v. Groves, 295 S.W. 2d 169 (Mo.1956); State v. Tillett, 233 S.W.2d 690 (Mo.1950); State v. Turner, 274 S.W. 35 (Mo.1925); Artesani v. Gritton, 252 N.C. 463, 113 S.E.2d 895 (1960); Hill v. Skinner, 81 Ohio App. 375, 79 N.E.2d 787 (1947); Cross v. Commonwealth, 192 Va. 249, 64 S.E.2d 727 (1951).

■ We are of the opinion that the voir dire examination as to competency need not be conducted in the absence of the jury. This decision must be left to the sound discretion of the trial court. State v. Orlando, supra; People v. Matu, 5 Ill. App.2d 577, 126 N.E.2d 403 (1955); State v. Butler, supra.

■■ We do feel that generally the better practice would be to conduct this examination outside the presence of the jury. However, the party questioning the competency of the witness must request the examination outside the presence of the jury, if he so desires. Absent such a request he cannot later be heard to complain that the examination was conducted in the jury's presence. Mackey v. State, 160 Tex.Cr.R. 296, 269 S.W.2d 395 (1954); Hildreth v. Key, supra.

Defendant's third point is that "there was no substantial evidence upon which the verdict of the jury could be based."

■ Substantial evidence has been defined in several recent New Mexico cases as that evidence which is acceptable to a reasonable mind as adequate support for a conclusion. Armijo v. World Ins. Co., 78 N.M. 204, 429 P.2d 904 (1967); Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App.1967); Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967); Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855 (1964). See also for other but like defini-

tions Lindberg v. Ferguson Trucking Co., 74 N.M. 246, 392 P.2d 586 (1964); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962); Carter Oil Co. v. State, 205 Okl. 541, 240 P.2d 787 (1951).

■ On appeal from a judgment of conviction the evidence is viewed in the light most favorable to the State. All conflicts are resolved and all permissible inferences are indulged in favor of the verdict. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965). Determining the credibility of witnesses and the weight to be given their testimony is the function of the jury. State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966).

■ Considering the evidence in the light of these principles, which we must, we are of the opinion that the verdicts are supported by substantial evidence.

Defendant argues that to sustain the judgment of conviction "would be to place in question the validity of such decisions as" State v. Foley, 55 N.M. 590, 237 P.2d 1033 (1951); State v. Sanders, 54 N.M. 369, 225 P.2d 150 (1950); State v. Richardson, 48 N.M. 544, 154 P.2d 224 (1944); and State v. Taylor, 32 N.M. 163, 252 P. 984 (1927). He fails to point out or explain just how "the validity of such decisions" are put in question by the judgment of conviction in the present case. All four of the named cases involved the crime of rape. The convictions in Foley, Sanders and Richardson were affirmed. The conviction in Taylor was reversed and the case remanded for a new trial because of the inherent improbability of the uncorroborated testimony of the prosecutrix.

As above stated, we are of the opinion that the evidence of guilt in the present case is substantial, and there is corroboration. We fail to see how our holding in this regard in any way casts doubt upon the decision in any one of these four cases relied upon by defendant.

Defendant's final point is that "the shotgun instruction violated [his] fundamental right to a fair and impartial trial by jury."

The jury appears to have commenced its deliberations at about 1:45 p. m. At about 5:42 p. m., the foreman advised the court that the jury had made no progress in arriving at a verdict. The court thereupon gave the following additional instruction:

"Upon your report that you are unable to agree in this case, which has been submitted to you, I feel it my duty to direct you to consider the case further in an effort to reach an agreement.

"To aid you in the further consideration of the case, I instruct you that although the verdict to which a juror agrees must, of course, be his or her own verdict, the result of his or her own convictions, not mere acquiescence in the conclusions of his or her fellows, yet, in order to bring twelve minds to a unanimous result, you must examine the question submitted to you calmly, dispassionately and candidly, with a proper regard and deference to the opinions of each other.

"You should consider that the case must at some time be decided by a jury; that you are selected in the same manner and from the same source which any future jury must be, and there is not reason to suppose that this case will ever be submitted to twelve jurors more intelligent, more impartial, more competent to decide it, or that more and clearer evidence will be produced on the one side or the other and with this in view, it is your duty to decide the case if you can conscientiously do so.

"In conferring together, you ought to pay proper respect to each other's opinions; and listen, with a disposition to be convinced, to each other's arguments; and if the larger number of your panel are for conviction, a dissenting juror should consider whether a doubt in his or her own mind is a reasonable one that makes no impression on so many others, equally honest, equally intelligent, who have heard the same evidence, with the same attention, with an equal desire to arrive at the truth, and under the sanction of the same oath.

"And on the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to doubt the correctness of a judgment which is not concurred in by most of those with whom they are associated, and distrust the weight and sufficiency of that evidence which fails to carry the conviction to the minds of their fellow jurors.

"But, I would impress upon you that the verdict which each juror agrees upon must, of course, be his own."

After giving this instruction, the court then suggested that the jury should go to dinner before continuing its deliberations; proceeded to instruct the jury concerning the matter of sealing the verdict in an envelope, should a verdict be reached before retiring for the night; instructed the jury as to when they would be taken to breakfast the following morning, if a verdict had not been reached before retiring for the night; and instructed the jury when they should return the following morning, if a verdict should be reached before retiring for the night.

However, the jury expressed a desire to continue their deliberations until 7:00 p. m. before going to dinner. Thereupon they were returned to their deliberations for another hour. At about 6:20 p. m. they returned their verdicts, which were received by the court.

Defendant made no objections to the giving of the additional instruction, or to the instruction itself, and in no way objected to or questioned the directions given the jury concerning what they should do after returning from dinner. However, he now urges that his fundamental rights to a fair and impartial trial were violated, and that we should reverse on the basis of fundamental error as announced in State v. Armijo, 35 N.M. 533, 2 P.2d 1075 (1931).

In that case on rehearing, the judgment of conviction was reversed on the ground

that the verdict was not supported by substantial evidence, even though in the trial there was no motion for a directed verdict or other challenge to the sufficiency of the evidence. We have already disposed of the question of the substantiality of the evidence, and have resolved that question against defendant.

■ There is nothing in the so-called "shotgun" instruction, or in the directions given the jury for the guidance of their conduct for the night, which warrants invoking the doctrine of fundamental error. That doctrine will be resorted to in criminal cases only for the protection of those whose innocence appears indisputable, or whose guilt is open to such question that to permit the conviction to stand would shock the conscience. State v. Torres, 78 N.M. 597, 435 P.2d 216 (1967); State v. Sanders, supra. See also State v. Heisler, 58 N.M. 446, 272 P.2d 660 (1954).

. The instruction in question is very much like that approved by the Supreme Court of the United States in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and by our Territorial Supreme Court in Territory v. Donahue, 16 N.M. 17, 113 P. 601 (1911). See also State v. Hunt, 26 N.M. 160, 189 P. 1111 (1920), in which is discussed the general rule concerning the giving of such an instruction; Garcia v. Sanchez, 68 N.M. 394, 362 P.2d 779 (1961), in which a similar instruction given in a civil case was approved; N.M. Uniform Jury Instructions 16.2, which adopts for use in civil cases the instruction approved in Garcia v. Sanchez, supra, and which gives directions for the use of such instruction.

■ In giving such an instruction the trial court must keep in mind that it is improper by instruction or conduct to coerce the jury into agreement [Duehren v. Stewart, 39 Cal.App.2d 201, 102 P.2d 784 (1940); State v. Stegall, 327 S.W.2d 900 (Mo. 1959)]; that it is improper to give any instruction which tends to unduly hasten the jury in its consideration of the case [Darby v. United States, 283 F.2d 896 (10th

Cir. 1960); State v. Bozarth, 361 S.W.2d 819 (Mo.1962)]; and that such an instruction is appropriate only after the jury has deliberated for some time without reaching a verdict [Chicago Daily News Employes' Credit Union v. Reed, 42 Ill.App. 2d 336, 192 N.E.2d 447 (1963); People v. Baumgartner, 166 Cal.App.2d 103, 332 P.2d 366 (1958); N.M. Uniform Jury Instructions 16.2.].

The judgment of conviction should be affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.