DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELLANCER ALLEN MCGRADY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2600

[October 9, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott I. Suskauer, Judge; L.T. Case No. 502022CF001635A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant was convicted of committing an unnatural lascivious act, battery, and lewd or lascivious molestation. Appellant raises several issues on appeal. We affirm on all issues without further comment and write only to discuss whether the trial court erred by performing its gatekeeping function as to the child victim's competency in front of the jury instead of outside the presence of the jury.[1]

---

[1] Appellant also argues that the trial court erred by: (1) admitting evidence of alleged prior molestations by appellant; (2) admitting child hearsay statements without giving appellant an opportunity to be heard prior to the ruling; (3) placing evidence before the jury during deliberations which was not presented at trial; (4) allowing the child victim's statement to the Child Protection Team ("CPT") to be admitted into evidence; (5) denying appellant's motion for severance; and (6) trying appellant by a jury of six instead of twelve.

Appellant pled not guilty to three counts of sexual battery upon a person less than twelve years of age, and one count of lewd or lascivious molestation. The case proceeded to trial, where the child victim, age ten, was called as the state's first witness. Before the victim began testifying, the trial judge asked the victim if she knew the difference between the truth and a lie. The victim responded that she did. Defense counsel objected, arguing that inquiry into the victim's competency to testify needed to take place outside the presence of the jury. Defense counsel was concerned that these inquiries would "bolster" the child victim's testimony. The state responded that it was appropriate to conduct the competency evaluation in front of the jury, so the jury could weigh the victim's credibility and ability to tell the truth. The trial judge continued to conduct the competency examination in the presence of the jury, by asking the victim whether various statements made by the trial judge were the truth or a lie.[2] Following the trial judge's competency evaluation, the trial judge told the state it "may proceed."

---

[2] The trial judge asked the victim the following hypotheticals in determining whether the victim could distinguish the truth from a lie:

THE COURT: . . . [I]f I were to tell you right now [victim] my—this—this clothing that I'm wearing is white. Okay. Would I be telling you the truth or would [I] be telling you a lie?

[THE VICTIM]: Lie.

THE COURT: Why is that?

[THE VICTIM]: Because it's not white.

THE COURT: What color is it?

[THE VICTIM]: Black.

THE COURT: Okay. And so that's just a really kind of basic difference between telling the truth and telling a lie.

But you understand, it could come in different contexts too. Like if I was to—if someone were to come and take this pen from me. Okay. Have you ever seen anyone—did anyone just come up and take this pen?

[THE VICTIM]: No.

THE COURT: No, you didn't see that happen, right?

[THE VICTIM]: No.

THE COURT: Now the pen is gone right now, I'm moving the pen away. If I accused [the prosecutor] of taking the pen away from me, would I be telling you the truth or telling a lie?

[THE VICTIM]: Lie.

THE COURT: Because it didn't happen, right? Is that right?

[THE VICTIM]: Yes.

THE COURT: Okay. So you understand, it's important that you just talk about what things that actually happened and no lies, okay.

[THE VICTIM]: Yes.

The victim testified that, when she was eight, she had gone to visit her mother when appellant, her mother's boyfriend, had started rubbing his penis on her vagina. The victim said that appellant also licked her breasts and her vagina, and had previously put his penis in her mouth. The victim was alone with appellant when this happened. The victim said that appellant had also done this before when she was five or six.

The victim lived with her grandmother. The grandmother testified that the victim told her that appellant "did it again" when the grandmother picked up the victim from visiting with her mother. The grandmother asked the victim what appellant did, and the victim said appellant touched her "private." The grandmother brought the victim to the police station, and she was taken to an interview with the Child Protection Team ("CPT") around 3:00 a.m.

A video of the CPT interview was played for the jury. The interviewer asked the victim what the truth and a lie meant. The victim was able to differentiate between the truth and a lie, based on the color of various objects in the room. The victim promised to tell the interviewer the truth.

The victim told the interviewer that appellant touched her vagina with his hand when she went to visit her mother. The victim also told the interviewer that appellant made her "suck his thing." The victim said that appellant put his mouth on her vagina and touched her breasts with his hands and mouth. The victim said appellant put his penis in her vagina, but not all the way in. The victim also told the interviewer that appellant had done this before, multiple times when she was five.

Appellant was convicted of committing an unnatural lascivious act and battery, which were lesser included offenses of two counts of sexual battery upon a person less than twelve years of age. Appellant was found not guilty of the third count of sexual battery upon a person less than twelve years of age. Finally, appellant was found guilty as charged of lewd or lascivious molestation. This appeal follows.

---

THE COURT: All right. So with that, I'm going to turn it over to [the prosecutor] and [defense counsel's] question as well.

It's really important that you answer all the questions okay.

[THE VICTIM]: Yes, sir.

THE COURT: All right. Thank you. You may proceed, [prosecutor].

3

Appellant argues that the trial court erred by performing its gatekeeping function as to the trial court's determination of the child victim's competency to testify in front of the jury. Appellant argues that this "infers to the jury that the trial court has . . . weighed in on the child's credibility."

"[T]rial judges have broad discretion in the conduct of trials." *Ferrer v. State*, 718 So. 2d 822, 825 (Fla. 4th DCA 1998). "Consequently appellate courts will not interfere with the trial judge's management of the process of conducting trials, save in the rare instances where such discretion is abused." *Id.*; *see also Mike Bradford & Co. v. Gulf States Steel Co.*, 184 So. 2d 911, 915 (Fla. 3d DCA 1966) ("It is true that rulings as to the conduct of trial proceedings are ordinarily within the discretion of the trial judge and that they will not be disturbed on appeal unless a palpable abuse of discretion appears.").

Significantly, the Second District found "no authority that directs the competency qualification of a child witness take place outside the presence of the jury." *Herrera v. State*, 625 So. 2d 1240, 1240 (Fla. 2d DCA 1993). Similarly, other jurisdictions have likewise determined that examining a child witness's competency to testify in front of the jury is not reversible error. *See, e.g., State v. Orlando*, 163 A. 256, 258 (Conn. 1932) ("While this determination is solely for the court to make, the credit to be accorded the testimony of a child witness is for the jury, and the opportunity given by their presence during the examination of the witness as to competency may well assist them in determining his ability to observe correctly, to remember and narrate accurately, and to appreciate the obligation resting upon him to be truthful."); *State v. Manlove*, 441 P.2d 229, 233 (N.M. Ct. App. 1968) ("We are of the opinion that the voir dire examination as to competency need not be conducted in the absence of the jury. This decision must be left to the sound discretion of the trial court."); *Ex parte Brown*, 74 So. 3d 1039, 1044-45 (Ala. 2011) ("[W]e decline to establish a per se rule requiring a trial court's examination of a child witness to determine the child's understanding of the duty to testify truthfully to be conducted outside the presence of the jury. . . . [T]he fact that the examination occurs in the presence of the jury does not automatically create prejudice and require reversal.").

We find that no reversible error occurred in this case. Appellant was not prejudiced by the questioning of the victim's competency in the presence of the jury. The competency inquiry was conducted entirely in a neutral manner. The trial judge made no comment on the child victim's credibility when he finished the competency determination. The trial judge merely instructed the state that it "may proceed." The trial judge did not

invade the province of the jury, because he did not make a determination as to the victim's credibility. *See Roberson v. State*, 24 So. 474, 478 (Fla. 1898) ("We have repeatedly held that remarks of the judge during the trial as to the credibility of a witness, or as to the weight of any evidence relevant to the issue, are an improper assumption of or infringement upon the province of the jury . . . ."); *see also* § 90.106, Fla. Stat. (2023) ("A judge may not sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused.").

Additionally, the victim's answers to the competency questioning by the trial judge elicited the same answers as in the CPT video, which was also played for the jury. During the trial, the victim said she knew it was important to tell the truth. The victim said she knew the difference between telling the truth and telling a lie. The victim was able to distinguish between a truth and a lie based on various questions posed by the trial judge. Similarly, in the CPT interview, the victim told the interviewer what it means to tell the truth and what it means to tell a lie. The victim was able to distinguish between the truth and a lie based on various questions posed by the interviewer. Conducting the competency determination in the presence of the jury was not error, but even if it was determined to be error, at most it was harmless error because the victim's answers were cumulative to statements she made in the CPT interview, which was admitted into evidence. *See Casica v. State*, 24 So. 3d 1236, 1241 (Fla. 4th DCA 2009) (holding error in admitting hearsay statement harmless "because that statement was cumulative to the victim's testimony" which was properly admitted into evidence).

However, we believe the better practice is to conduct this examination outside the presence of the jury. We share this view, of that being the better practice, with courts in other jurisdictions. *See Manlove*, 441 P.2d at 233 ("We do feel that generally the better practice would be to conduct this examination outside the presence of the jury."); *People v. Wittrein*, 221 P.3d 1076, 1080 (Colo. 2009) ("Although we agree with several other jurisdictions that by far the better practice is to hold child competency proceedings outside the presence of the jury, thereby minimizing the danger of unfair prejudice resulting from the child's responses to the competency questions, this does not mean that the interests of justice dictate that such questioning may never be held with the jury present.") (footnote omitted); *Brown*, 74 So. 3d at 1044-45 ("Although it may be the better practice to conduct such an examination outside the presence of the jury to avoid a risk of invading the province of the jury with regard to determining the credibility of a child witness, the fact that the examination occurs in the presence of the jury does not automatically create prejudice and require reversal.").

5

In sum, we find no reversible error present in this case. While the better practice is to conduct a competency determination outside the presence of the jury, appellant was not prejudiced in this case. As such, we affirm.

*Affirmed.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**