# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **No. 28,818**

**CARLOS CARCAMO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Eugenio S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals three convictions for criminal sexual penetration of a minor (CSPM). [RP 114] He contends that the Sexual Assault Nurse Examiner should not have been allowed to testify that Victim's physical condition was consistent with having been penetrated. [DS 4] He also argues that it was error to submit three

indistinguishable counts of CSPM to the jury. Our notice of proposed summary disposition proposed to affirm. Defendant has responded with a memorandum in opposition. We have considered Defendant's arguments, but we are unpersuaded and affirm his convictions.

**DISCUSSION**

**A.      Testimony of the Nurse Examiner**

Defendant contends that the Nurse Examiner should not have been allowed to testify that the condition of Victim's vagina and anus were consistent with having been penetrated. [DS 4] His objection is that such testimony may only be provided by a medical doctor. [DS 4]

We review the admission of evidence for an abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. To the extent Defendant's argument appears to be that the Nurse Examiner was not qualified, we review that issue for an abuse of discretion, as well. *See Sturgeon v. Clark*, 69 N.M. 132, 141, 364 P.2d 757, 763 (1961).

We hold there was no abuse of discretion. The docketing statement does not provide specific facts about the Nurse Examiner's qualifications, but a review of the tape log suggests that she testified about her specialized training in the area, the length

of time she had worked at St. Vincent's Hospital, her education, exams she had taken, licenses she had obtained, the number of examinations she had performed, and the number of times she had testified as an expert. [RP 88] Because the Nurse Examiner is not a doctor, Defendant argues that "her relative lack of medical training" disqualified her as an expert. [MIO 3] We disagree. We conclude that the district court did not abuse its discretion in properly qualifying her as an expert. *See State v. Macias*, 110 N.M. 246, 251-52, 794 P.2d 389, 394-95 (Ct. App. 1990) (holding that a nurse with specialized training in the area of sexual abuse was properly qualified as an expert and could give her opinion about the children's physical condition).

We also reject Defendant's argument that only a doctor could provide this kind of evidence. Evidence that physical injury is consistent with sexual abuse is not uncommon and has been given in other cases by nurses, as well as by doctors. *See State v. Walters*, 2007-NMSC-050, ¶ 4, 142 N.M. 644, 168 P.3d 1068 (noting that there was physical evidence consistent with sexual assault); *State v. Ruiz*, 2007-NMCA-014, ¶ 9, 141 N.M. 53, 150 P.3d 1003 (noting doctor's testimony that the victim's physical condition was consistent with sexual abuse); *State v. Massengill*, 2003-NMCA-024, ¶ 42, 133 N.M. 263, 62 P.3d 354 (filed 2002) (noting nurse's testimony that a bruise on the victim's vagina was consistent with being sexually

abused in the way described by the victim); *Macias*, 110 N.M. at 251-52, 794 P.2d at 394-95. We have not found, and Defendant has not cited, any cases holding that only a doctor may provide this type of testimony. Consequently, we reject Defendant's argument on this issue.

**B.    Charging Pattern**

Defendant contends that the submission of three indistinguishable counts of CSPM was error, citing *State v. Dominguez*, 2008-NMCA-029, 143 N.M. 549, 178 P.3d 834. [DS 4-5] *Dominguez* held that it was error to submit indistinguishable charges to the jury when there is no evidence to support separate incidents. *See id.* ¶¶ 8-10.

In his memorandum, Defendant relies on *Valentine v. Konteh*, 395 F.3d 626, 636 (6th Cir. 2005), cited in *Dominguez*, 2008-NMCA-029, ¶ 5, to argue that sending multiple "carbon copy" charges to the jury violated due process and double jeopardy. [MIO 4] We reject Defendant's argument. The charges were not carbon copies, because they charged distinct acts. Count 1 charged anal intercourse occurring in November 2002. [RP 60] Count 2 charged digital penetration of Victim's vagina occurring in November 2002. [RP 61] Count 3 charged anal intercourse occurring in July 2003. [RP 62] Unlike *Dominguez*, the charges were factually distinguishable.

4

Counts 1 and 2 involved different acts, and Count 3 was alleged to have occurred eight months later.

Additionally, the evidence supported separate charges and convictions. Defendant's docketing statement does not describe the testimony in any detail, but our notice proposed to rely on the tape log. Based on the evidence detailed in the tape log, we hold that Victim's testimony was specific about acts and dates. [RP 91] Defendant's memorandum informs us that, according to trial counsel, "the alleged victim clearly testified to three different events." [MIO 4] Consequently, because the three charges were not carbon copies and were supported by the evidence, we find no error. *See State v. Salazar*, 2006-NMCA-066, ¶¶ 30-31, 139 N.M. 603, 136 P.3d 1013 (ruling there was no error where there were not multiple, carbon-copy counts and where there was evidence that the incidents occurred in different locations and involved differences in the manner of penetration).

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

5

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**